UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN THOMAS KERBEY<br>803 College Street<br>Cedar Falls, Iowa 50613<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FBI<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20535<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.:  05-1032 (ESH)<br>)　　　　**ECF**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION TO DISMISS

Defendant Federal Bureau of Investigation (FBI), a component of the Department of

Justice, by and through undersigned counsel, respectfully moves this Court pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing this action

on the grounds that the Court lacks jurisdiction over Plaintiff's claims and Plaintiff's claims fail

to state a claim upon which relief can be granted.  In support of this motion, Defendant

respectfully refers the Court to the accompanying Memorandum of Points and Authorities.  A

proposed order is also attached.


　　　Dated: October 4, 2005.



　　　　　　　　　　　Respectfully submitted,



　　　　　　　　　　　 /s/
　　　　　　　　　　　_____
　　　　　　　　　　　KENNETH L. WAINSTEIN, D.C. BAR # 451058
　　　　　　　　　　　United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN THOMAS KERBEY<br>803 College Street<br>Cedar Falls, Iowa 50613 | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:  05-1032 (ESH) |
| | )                **ECF** |
| FBI | ) |
| 935 Pennsylvania Avenue, N.W. | ) |
| Washington, D.C.  20535 | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Federal Bureau of Investigation (FBI), a component of the Department of

Justice, by and through undersigned counsel, respectfully moves this Court for dismissal of this

matter pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff, John Thomas Kerbey, *pro se*, brings the above-captioned action, seeking

damages for what appears to be some sort of tort claim.  See generally Complaint ("Compl.").

Plaintiff claims that "the FBI conspired against me, causing the arson of my homestead and the

destruction of my life."  Compl. at 1.  As the basis for the Court's jurisdiction, Plaintiff states

that "[t]he FBI is a branch of the United States Government consequently jurisdiction would be

within the Federal court system."  Id.  For the reasons set forth below, this suit should be

dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can

be granted.

**BACKGROUND**

Plaintiff John Thomas Kerbey, *pro se*, resides in Cedar Falls, Iowa.  According to

Plaintiff's complaint, sometime during the year 2000, someone committed arson to his home in

Laporte, Texas.  Compl.  Plaintiff's complaint states that the FBI was "the proximate cause of the

fire," and Plaintiff seeks recovery in this Court for "the destruction of my personal property and

the continuous destruction of my life."  Id.  Plaintiff's claims against the FBI arise out of his

apparent belief that "[t]he FBI conspired with Edward L. Tallechet Exec. V.P. of Brown and

Root Corporation and Oscar Wyatt through a ruse marriage to Elizabeth Duitch to drive me to

suicide in retaliation for a sexual assault complaint in Iowa City, Iowa when I was in college."

The complaint goes on to state that since then, Plaintiff has been "survailed [sic] continuously by

law enforcement," and that he believes that the FBI was involved in a conspiracy to "route [him]

out of the community."  Id.

Appended to Plaintiff's complaint are several exhibits, including a newspaper article, a

photocopied picture, and what Plaintiff contends to be an arson report.

**STANDARD OF REVIEW**

Defendant moves for dismissal under Rule 12(b)(1) as the Court lacks jurisdiction over

Plaintiff's claims, and Rule 12(b)(6) as Plaintiff fails to state any claim upon which relief can be

granted.  See Fed. R. Civ. P. 12(b(1), 12(b)(6).  "In reviewing a motion to dismiss for lack of

subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept

the complaint's well-pled factual allegations as true and draw all reasonable inferences in the

plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000)

(citations omitted).  "The court is not required, however, to accept inferences unsupported by the

facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F.

Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35

(Oct. 4, 2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff

bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the

evidence." Thompson, 120 F. Supp.2d at 81.

　　　A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) in either of two ways. First, the court may determine the motion based solely on the

complaint. Herbert v. National Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations

of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence. See id.; see also Coalition for Underground Expansion v. Mineta, 333 F.3d

193, 198 (D.C. Cir. 2003).

　　　A motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond

doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to

relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc.,

216 F.3d 1111, 1117 (D.C. Cir. 2000). Although the plaintiff is given the benefit of all

inferences that reasonably can be derived from the facts alleged in the complaint, the court need

not accept inferences that are not supported by such facts, nor must the court accept plaintiff's

legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp.,

16 F.3d 1271, 1276 (D.C. Cir. 1994).

**ARGUMENT**

**I.    Plaintiff's Complaint Fails To Meet Any Pleading Standards And Must Be Dismissed.**

Under the Federal Rules of Civil Procedure, Plaintiff's Complaint fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's failure to identify any facts to support his claims is inconsistent with Rule 8(a)(2), as neither the Complaint, nor the attached documents, gives notice to the Court or Defendant of the operational facts of his claims. See, e.g., Desai v. Tire Kingdom, Inc., 944 F.Supp. 876, 879 (M.D.Fla. 1996)(complaint must be more than conclusory and must allege generally the policies or practices of defendants to permit an informed response). "A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Thus, Plaintiff's various conclusory allegations that the FBI "conspired" against him and was the "proximate cause" of a fire in his home are insufficient to satisfy the pleading standards applicable to tort claims against the federal government. Because Plaintiff's Complaint does not meet any of the pleading standards, Plaintiff's claims must be dismissed. See Perkins v. Silverstein, 939 F.2d 463, 467 (7th Cir. 1991)(dismissal proper where complaint contained only conclusory allegations about conspiracy, discrimination, and harassment without identification of specific incidents).

**II.    The Court Lacks Jurisdiction Over Plaintiff's Claims.**

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

377 (1994); O'Melveny & Myers v. FDIC, 512 U.S. 79, 90 (1994) (Stevens, concurring).  "It is to

be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

contrary rests upon the party asserting jurisdiction."  Kokkonen, 511 U.S. at 377 (citations

omitted).  Thus, the first and fundamental question presented by every case brought to the federal

courts is whether the Court has jurisdiction to hear it.  See Bender v. Williamsport Area School

Dist., 475 U.S. 534, 541 (1986).

### A.    Plaintiff Has Failed To Identify Any Waiver Of Sovereign Immunity.

A party seeking to sue the United States bears the burden of demonstrating that a specific

statutory provision waives the government's sovereign immunity from suit.  See United States v.

Sherwood, 312 U.S. 584, 586 (1941).  Unless Congress has consented to a cause of action

against the United States, there is no jurisdiction in any court to entertain such suit.  Id. at 587-

88.  This principle extends to agencies as well, which are immune from suit absent a showing of

a waiver of sovereign immunity.  See United States v. Nordic Village, 503 U.S. 30 (1992);

United States v. Testan, 424 U.S. 392 (1976).

Only Congress can waive the United States' sovereign immunity, and it must do so

"unequivocally . . . in statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).  "A statute's

legislative history cannot supply a waiver that does not appear clearly in any statutory text."

Lane, 518 U.S. at 192.  Furthermore, waivers of sovereign immunity are "construed strictly in

favor of the sovereign."  United States Dep't of Energy v. Ohio, 503 U.S. 607, 614 (1992)

(addressing waivers of sovereign immunity in federal environmental statutes).  Therefore, no

consent to suit exists where the language of a statute is ambiguous.  See Library of Congress v.

Shaw, 478 U.S. 310, 318 (1986).

In this case, Plaintiff's Complaint cites no authority as a basis for jurisdiction. Rather, Plaintiff states that "[t]he FBI is a branch of the United States Government consequently jurisdiction would be within the Federal court system." Compl. Because Plaintiff's Complaint does not contain any colorable basis for a waiver of sovereign immunity, Plaintiff's claims must be dismissed.

> **B.    To the Extent that Plaintiff's Complaint Could Be Construed As Alleging Claims Under the FTCA, Plaintiff Has Failed to Demonstrate That the Court Maintains Jurisdiction Over Any Such Claim.**

Although Plaintiff does not specifically allege any claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, the FTCA provides the only possible colorable basis for a waiver of sovereign immunity in this case. The FTCA creates an express limited waiver of the United States' sovereign immunity for certain tort claims "'in the same manner and to the same extent as a private individual under like circumstances.'" Macharia v. United States, 238 F.Supp. 2d 13, 20 (D.D.C. 2002)(quoting 28 U.S.C. § 2674(a)), aff'd, 334 F.3d 61 (D.C. Cir. 2003).

Assuming that Plaintiff is asserting a claim under the FTCA on the grounds that the FBI committed some form of alleged tortious conduct against Plaintiff, such allegations still do not state a claim under the FTCA for which relief is available. The FTCA is a limited waiver of sovereign immunity, permitting damage actions against the United States for injury, loss of property or death caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment. See 28 U.S.C. § 1346(b)(1). The Act provides that the United States shall be liable to the same extent as a private individual under like circumstances in accordance with the law of the place where the negligent or wrongful conduct

6

occurred. See id.  There is an administrative prerequisite to suit under the FTCA.  A tort claim

against the United States must be presented in writing to the appropriate agency within two years

of the claim's accrual.  See 28 U.S.C. §§ 2401(b).  If an agency denies such claim or fails to

make a final determination on the claim within six months of filing, the claimant has six months'

time to bring suit in the appropriate U.S. District Court.  See 28 U.S.C. §§ 2401(b), 2675(a).

Plaintiff has failed to comply with any of these requirements for suit under the FTCA.  Plaintiff's

Complaint does not reference the prior filing of any administrative claim and Plaintiff has not

named the United States as a defendant.  Accordingly, to the extent that any of Plaintiff's claims

could be construed as alleging claims under the FTCA, Plaintiff's claims nonetheless must be

dismissed.

### C.    Plaintiff's Claims Do Not Present A Federal Question Suitable For Decision and Should Be Dismissed Under Rule 12(b)(1).

It is settled law that "the federal courts are without power to entertain claims otherwise

within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of

merit.'" Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (quoting Newburyport Water Co. v.

Newburyport, 193 U.S. 561, 579 (1904)).  Claims are properly dismissed under Rule 12(b)(1)

when they rest on incredible conspiracy theories that are, on their face, "essentially fictitious" and

consequently do not present a federal question suitable for decision.  Best v. Kelly, 39 F.3d 328,

330 (D.C. Cir. 1994).  In Kelly, the Court of Appeals recognized that in cases in which the

plaintiff alleges "bizarre conspiracy theories . . . fantastic government manipulations of their will

or mind [or] supernatural intervention," such claims may be dismissed without prejudice for want

of subject matter jurisdiction under Rule 12(b)(1).  See also Neitzke v. Williams, 490 U.S. 319,

327 n.6 (1989); Hagans, 415 U.S. at 536-37 (citing cases affirming dismissal of "essentially

fictitious" complaints which are "so attenuated and unsubstantial as to be absolutely devoid of

merit.")

Plaintiff's claims against the FBI are the type of "bizarre conspiracy claim" anticipated by

Best v. Kelly. Plaintiff alleges that "[t]he FBI conspired with Edward L. Tallechet Exec. V.P. of

Brown and Root Corporation and Oscar Wyatt through a ruse marriage to Elizabeth Duitch to

drive me to suicide in retaliation for a sexual assault complaint in Iowa City, Iowa when I was in

college." Compl. Plaintiff's complaint further states that the FBI conspired to "route [him] out

of the community," causing a fire to his home and the "continuous destruction of [his] life." Id.

These patently meritless claims do not present a matter within the subject matter jurisdiction of

the federal courts, and dismissal under Rule 12(b)(1) is warranted.

## III.    Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

Even if this Court were to exercise jurisdiction over Plaintiff's claims, the most liberal

interpretation of Plaintiff's Complaint reveals that Plaintiff fails to state a claim upon which

relief can be granted. See generally Compl. Despite the generous reading that must be afforded

to the Plaintiff's Complaint in light of his pro se status, Plaintiff's Complaint is so bare that

dismissal is warranted. See, e.g., Jones v. Community Redevelopment Agency, 733 F.2d 646,

649 (9th Cir. 1984)(dismissing pro se plaintiff's proposed second amended complaint because its

conclusory allegations were unsupported by any facts). Plaintiff's Complaint presents no clear

allegations as to the grounds for any claim against the FBI. Plaintiff makes no attempt to

demonstrate how the FBI formed a conspiracy against him, nor does Plaintiff describe how he

believes that the FBI is responsible for a fire which occurred in his home. Accordingly,

Plaintiff's action against the FBI should be dismissed.

**CONCLUSION**

For the foregoing reasons, Plaintiff's complaint should be dismissed and judgment

entered in favor of Defendant.

Dated: October 4, 2005

Respectfully submitted,


 /s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


 /s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


 /s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion To Dismiss** was served upon plaintiff pursuant to the

U.S. mail, addressed to:

> **John Thomas Kerbey**
> **803 College Street**
> **Cedar Falls, Iowa 50613**

on this 4th  day of October, 2005.


                        /s/
                        MEGAN L. ROSE
                        Assistant United States Attorney
                        Judiciary Center Building
                        Civil Division
                        555 4th Street, NW
                        Washington, D.C. 20530